IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                        CRIMINAL NO. 3:14cr111HTW-FKB

CECIL McCRORY                                                DEFENDANT

## FINAL ORDER OF FORFEITURE

WHEREAS pursuant to 18 U.S.C. § 982(a)(1) and by virtue of the defendant Cecil McCrory's guilty plea and the Court's Amended Agreed Preliminary Order of Forfeiture, all right, title and interest of defendant Cecil McCrory in the below-described property was forfeited to and is now vested in the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n); and,

WHEREAS Notice of Criminal Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on March 12, 2015, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Said notice advised that any person asserting a legal interest in the property subject to forfeiture may, within sixty (60) days from the first day of publication of notice, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property. The United States further provided direct written notice to any persons known to have an alleged interest in the property, namely, McCrory Properties, LLC, Greenfield Properties, LLC, George Talbot, College Street Leasing, LLC, Renasant Bank, formerly known as Merchant & Farmers Bank, Merchant & Farmers Bank, and Wilburn and Joyce Hyche; and,

WHEREAS Wilburn and Joyce Hyche filed a claim of ownership to property located at 104 Office Park Drive, Brandon, Rankin County, MS, and their claim was resolved through the sale of the real property on or about May 6, 2015, and $39,420.23 was forfeited in lieu of said real property; and

WHEREAS George Talbot filed a claim of ownership to property located at 1899 Beach Blvd., Sea Breeze Condominiums, Unit 504 and Cabana C-4, Biloxi, Harrison County, MS and his claim was resolved through the sale of the real property on or about June 13, 2017, and $85,000.00 was forfeited in lieu of said real property; and

WHEREAS no other third-parties have come forward to assert an interest in the property in the time required under 21 U.S.C. 853(n)(2) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; and,

WHEREAS, the balance of one hundred twenty-eight thousand nine hundred fifty-nine dollars and forty-eight cents ($128,959.48) owed from the $1,200,000 United States currency forfeited shall be forfeited as a money judgment, not joint and several with other defendants; and

WHEREAS, $208,313.27 United States currency was forfeited in lieu of real property located at 1899 Beach Blvd., Unit 502 of the Sea Breeze Condominiums, Biloxi, Harrison County, MS; and

WHEREAS, $251,357.51 United States currency was forfeited in lieu of real property located at 1899 Beach Blvd., Unit 601 of the Sea Breeze Condominiums, Biloxi, Harrison County, MS and

WHEREAS, $23,589.29 United States currency was forfeited in lieu of real property and the associated easement located on Greenfield Road, Pearl, Rankin County, MS; and

WHEREAS, the United States having met all statutory requirements for the forfeiture of

the below-described property, is authorized to, and it should, reduce the below said property to its possession.

NOW, THEREFORE, the Court having considered the matter and been fully advised in the premises, it is hereby **ORDERED, ADJUDGED,** and **DECREED**, pursuant to 18 U.S.C. 982(b)(1), 21 U.S.C. § 853(n)(7), and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, the following property is forfeited to the United States of America:

**(1)** A money judgment in the amount of One Hundred Twenty-eight Thousand Nine Hundred Fifty-Nine Dollars and Forty-eight cents ($128,959.48);

**(2)** $208,313.27 United States currency in lieu of real property located at 1899 Beach Blvd., Unit 502 of the Sea Breeze Condominiums, Biloxi, Harrison County, MS;

**(3)** $251,357.51 United States currency in lieu of real property located at 1899 Beach Blvd., Unit 601 of the Sea Breeze Condominiums, Biloxi, Harrison County, MS;

**(4)** $85,000 United States currency in lieu of real property located at 1899 Beach Blvd., Sea Breeze Condominiums, Unit 504 and Cabana C-4, Biloxi, Harrison County, MS;

**(5)** $39,420.23 United States currency in lieu of real property located at 104 Office Park Drive, Brandon, Rankin County, MS;

(6) Real property located at Christian Drive and Highway 18, Brandon, Rankin County, Mississippi more particularly described as:

> **A tract or parcel of land containing 4.15 acres, more or less, being situated in the Southeast ¼ of the Southwest ¼ of Section 18, T5N-R3E, City of Brandon, Rankin County, Mississippi; thence**
>
> **Commencing at the Southeast corner of said Section 18; run thence**
>
> **North for a distance of 755.55 feet; thence**
>
> **West for a distance of 3662.98 feet to a found ½ inch iron pin marking the Southeast corner of Royal Development, LLC property as recorded in Deed Book 2004 Page 6820 in the office of the Chancery Clerk of Rankin County, Mississippi and said pin marking the point of beginning of the herein described property; thence**

**South 27 Degrees 07 Minutes 48 Seconds East for a distance of 637.63 feet to a point in the center of Terrapin Skin Creek; thence**

**South 64 Degrees 42 Minutes 44 Seconds West along the center of said Terrapin Skin Creek for a distance of 97.61 feet to a point; thence**

**South 70 Degrees 01 Minute 45 Seconds West along the center of said Terrapin Skin Creek for a distance of 106.11 feet to a point; thence**

**South 71 Degrees 02 Minutes 26 Seconds West along the center of said Terrapin Skin Creek for a distance of 93.65 feet to a point on the Easterly right-of-way of MS Highway No. 18; thence**

**North 27 Degrees 07 Minutes 48 Seconds West along the Easterly right-of-way of MS Highway No. 18 for a distance of 476.67 feet to a set ½ inch iron pin on the Southerly right-of-way of Christian Drive; thence**

**North 62 Degrees 52 Minutes 12 Seconds East along the Southerly right-of-way of Christian Drive for a distance of 60.0 feet to a set ½ inch iron pin; thence**

**North 27 Degrees 07 Minutes 48 Seconds West along the Easterly right-of-way of Christian Drive for a distance of 161.17 feet to a found ½ inch iron pin marking the Southwest corner of the aforementioned Royal Development, LLC property; thence**

**North 70 Degrees 06 Minutes 03 Seconds East along the Southerly line of the aforementioned Royal Development, LLC property for a distance of 237.36 feet to the point of beginning.**

**LESS AND EXCEPT:**

**A parcel of land being situated in the Southeast ¼ of Southwest ¼ of Section 18, Township 5 North, Range 3 East, City of Brandon, Rankin County, Mississippi, described as follows:**

**Commencing at the Southeast Corner of said Section 18; run thence North a distance of 755.55 feet; then West for a distance of 3,662.98 feet to a ½ inch iron pin marking the Southeast Corner of Royal Development, LLC property as recorded in Deed Book 2004 at Page 6820 in the Office of the Chancery Clerk of Rankin County, Mississippi; thence South 70 Degrees 06 Minutes 03 Seconds West a distance of 237.36 feet to a point on the eastern right-of-way line of Christian Drive; thence South 27 Degrees 07 Minutes 48 Seconds East along the East line of Christian Drive a distance of 161.17 feet to the POINT OF BEGINNING.**

> **From the POINT OF BEGINNING, continue South 27 Degrees 07 Minutes 48 Seconds East for a distance of 113.84 feet; thence South 66 Degrees 37 Minutes 44 Seconds West a distance of 60 feet to the East right-of-way line of Mississippi Highway 18; thence North 27 Degrees 07 Minutes 48 Seconds West along the said East right-of-way line for a distance of 113.84 feet; thence North 66 Degrees 37 Minutes 44 Seconds East a distance of 60 feet, more or less, to the POINT OF BEGINNING, comprising 1.57 acres, more or less.**
>
> **LESS AND EXCEPT:**
>
> **A tract of parcel of land containing 1.45 acres, more or less, being situated in the SE ¼ of the SW ¼ of Section 18, T5N-R3E, City of Brandon, Rankin County, Mississippi.**
>
> **Thence commencing at the SE Corner of said Section 18; run thence North for a distance of 755.55 feet; thence West for a distance of 3662.98 feet to a found ½ inch iron pin marking the SE Corner of Royal Development, LLC property as recorded in Deed Book 2004, Page 6820 in the office of the Chancery Clerk of Rankin County, Mississippi and said pin marking the POINT OF BEGINNING of the herein described property; thence South 27 Degrees 07 Minutes 48 Seconds East for a distance of 260.59 feet to an iron pin; thence South 66 Degrees 37 Minutes 44 seconds West for a distance of 236.05 feet to an iron pin on the East right-of-way of Christian Drive (proposed Christian Drive extension); thence North 27 Degrees 07 Minutes 48 Seconds West along the Easterly right-of-way of Christian Drive for a distance of 275.00 feet to a found ½ inch iron pin marking the SW Corner of the aforementioned Royal Development, LLC property; thence North 70 Degrees 06 Minutes 03 Seconds East along the Southerly line of the aforementioned Royal Development, LLC property for a distance of 237.36 feet to the POINT OF BEGINNING.**

(5)   $23,589.29 United States currency in lieu of real property and the associated easement located on Greenfield Road, Pearl, Rankin County, MS; and

(6)   One (1) 2013 Chevrolet Avalanche, VIN: 3GNMCGE02DG255896.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all right, title and interest to the above-described property is hereby condemned, forfeited, and vested in the United States of America and shall be disposed of according to law; and,

**IT IS FURTHER ORDERED** that the United States Marshals Service take the above-

described property into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that the United States of America shall have clear title to the above-described property that is the subject of this Final Order of Forfeiture and may warrant good title to any subsequent purchaser or transferee; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Judgment; and,

**SO ORDERED** this 19th day of July, 2017.

s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT COURT JUDGE