IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 3:14CR111-HTW-FKB-2

CECIL McCRORY


**TELEPHONIC CONFERENCE**


BEFORE THE HONORABLE HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE
SEPTEMBER 25TH, 2017
JACKSON, MISSISSIPPI


APPEARANCES:   (via phone)

FOR THE GOVERNMENT:    MR. DARREN J. LaMARCA
                       MR. PATRICK A. LEMON

FOR THE DEFENDANT:     MR. E. CARLOS TANNER


REPORTED BY:   MARY VIRGINIA "Gina" MORRIS, RMR, CRR
_____

501 E. Court, Suite 2.500
Jackson, Mississippi  39201
(601) 608-4187

```
 1              THE COURT:  All right.  Good morning to you.
 2              MR. LaMARCA:  Good morning, Judge.
 3              THE COURT:  Could y'all identify yourselves?
 4              MR. LaMARCA:  Your Honor, Darren LaMarca, Pat Lemon,
 5    assistant United States attorneys for the government, and
 6    Annette Clark, our asset forfeiture law clerk for the
 7    government.
 8              MR. TANNER:  Carlos Tanner on behalf of Mr. Cecil
 9    McCrory, Your Honor.
10              THE COURT:  All right.  And who else?
11              PROBATION OFFICER:  Jamie Harrell with U.S. Probation.
12              THE COURT:  All right.  Again, good morning to
13    everyone.  Oh, it's afternoon.
14              MR. LaMARCA:  Yeah, good afternoon, Your Honor.
15              THE COURT:  Good afternoon, everybody.  Now, then let
16    me start with the government.  Mr. LaMarca, update me to where
17    we are.
18              MR. LaMARCA:  Your Honor, we have I think two issues
19    remaining.  One is the entry of the judgment, the designation
20    of a facility for Mr. McCrory to report to.  And then the
21    second remaining issue is the judgment -- I'm sorry -- the
22    government filed a motion to clarify the forfeiture order.
23              Due to accounting purposes with the United States
24    Marshal Services, they asked us to get clarification on
25    Mr. McCrory's amount of judgment on the money judgment that
```

1 would be rendered in his -- on his behalf to reflect the
2 difference between the amount of money he actually was able to
3 pay and the amount outstanding.
4 　　　　So the government filed a motion to clarify that so
5 that we would have the ability for the accounting system of the
6 United States Marshal Service to classify the money judgment as
7 separate from the amount of money forfeited by Mr. McCrory.
8 And those are the only two issues that I believe are
9 outstanding, Your Honor.
10 　　　　THE COURT:  Mr. Tanner.
11 　　　　MR. TANNER:  Yes, Your Honor.
12 　　　　THE COURT:  Are you present with your client?
13 　　　　MR. TANNER:  No, your Honor, I'm not.  I was prepared
14 to waive his presence if it was necessary.  I wasn't -- I
15 didn't know he needed to be here for the status conference or
16 anything.  But I did tell him we had one coming up, and I told
17 him what I thought the nature of the call would be, talking,
18 you know, just general status on where we were with things.
19 　　　　THE COURT:  Do you waive his presence on the
20 conference call?
21 　　　　MR. TANNER:  Yes, Your Honor.
22 　　　　THE COURT:  Then, Mr. Tanner, what's your response to
23 the government's submission or at least its argument where it
24 proposes to amend?
25 　　　　MR. TANNER:  On that amendment, Your Honor, the

1  defense had no -- had no quarrel with it.  You know, I didn't
2  file a response.  I didn't know if one was necessary.  But we
3  certainly didn't oppose it because, frankly, what they're
4  asking for I think both sides agreed to that in open court on
5  the record.
6        I think the only issue was they wanted this judgment
7  to reflect what we agreed to in court and what the court
8  already noted for the record.  I think the numbers and such
9  were exactly what the court found them to be based on the
10 parties' arguments in court.
11       So I -- frankly, I think it's appropriate to -- to
12 make those reflections show up in the agreed order of
13 forfeiture.  We basically have no quarrel with what they were
14 asking for.
15       THE COURT:  Let me turn to probation.  Do you have any
16 concerns with this matter?
17       PROBATION OFFICER:  Your Honor, I would only want
18 clarification as to what needed to appear in the judgment.  As
19 of this time, all we are -- all probation is waiting on with
20 respect to the J&C is a self-report date for Mr. McCrory as
21 well as preparing what Your Honor would want to appear in
22 reference to the forfeiture.
23       THE COURT:  All right.  Back to you, Mr. LaMarca.
24       MR. LaMARCA:  Yes, Your Honor.
25       THE COURT:  How should the judgment appear?

1          MR. LaMARCA:  The judgment should reflect the
2   1.2 million in forfeiture, period.  The final order of
3   forfeiture that the court will enter will reflect how that's
4   already been paid.  In other words, the $1 million -- a little
5   over 1 million that has already been paid and then the balance
6   reflected as a money judgment.  And that will be in the final
7   order of forfeiture that we're submitting to the court.
8          The judgment the government's position is can just
9   reflect that 1.2 million.  The rest of it is for accounting
10  purposes where of that 1.2 million the court will enter an
11  order -- final order of forfeiture saying that 1 million -- a
12  little over 1 million, whatever the figure is -- and I don't
13  have it in front of me -- has already been paid and satisfied,
14  leaving a balance of X dollars.  And that would be the final
15  order of forfeiture.
16         As the court knows, these amounts of forfeiture are
17  amendable, for lack of a better term, as -- as the forfeiture
18  gets paid, whether it be through substitute assets or anything
19  to that effect.  So we're asking the court to go ahead and just
20  enter the judgment with a forfeiture of 1.2 million, and then
21  the final order of forfeiture will show the balance of $128,000
22  being what's left to be paid on that order of forfeiture.  And
23  that would be entered by separate order being a final order of
24  forfeiture.
25         THE COURT:  Ms. Harrell, does that answer your

1    question?
2           PROBATION OFFICER:  Your Honor, I have one comment to
3    add to that.  It appears that there's going to be a separate
4    order titled Final Order of Forfeiture.  The judgment itself
5    could just reflect the defendant shall forfeit his interest in
6    the following property as reflected in the final order of
7    forfeiture.  That's for brevity's sake as well as to not
8    confuse the clerk's office.  I believe that would be acceptable
9    unless Your Honor or the government or the defense has any
10   opposition to it.
11          THE COURT:  Say that again, now.  The government what?
12          MR. LaMARCA:  Yeah.  I'm talking with my asset
13   forfeiture law clerk.  May I have just a moment, please, Your
14   Honor?
15          THE COURT:  All right.  Go right ahead.
16      (PAUSE)
17          MR. LaMARCA:  Your Honor, we believe that that would
18   be sufficient.
19          THE COURT:  Okay.  Then, Ms. Harrell.
20          PROBATION OFFICER:  Yes, sir.
21          THE COURT:  Does that satisfy your question?
22          PROBATION OFFICER:  It does, yes, sir.
23          THE COURT:  All right.  Then I'll wait for the agreed
24   order as on this point.
25          To the next point, and state your next consideration

1  or your next area of inquiry, Mr. LaMarca.

2           MR. LaMARCA:  Your Honor, the final error -- I'm
3  sorry -- the final area of inquiry pertains to the entry of the
4  judgment and the designation of the facility to which Mr. --
5  and a date for which Mr. McCrory should report to prison.
6  Those are the last remaining issues.

7           THE COURT:  Ms. Harrell, make your recommendation on
8  that.  I talked to you the other day about the workload.

9           PROBATION OFFICER:  Yes, Your Honor.

10          THE COURT:  Is that affected here at all?  Does that
11 come into play?

12          PROBATION OFFICER:  Your Honor, the only thing I would
13 have to add to that is since the judgment has not been entered
14 prior to this point, any self-surrender date ordered by the
15 court would need to be at least 45 days out from today or --
16 because I believe we can -- I could -- after this conference,
17 after a date is set, probation could probably submit the J&C
18 this afternoon or at least by the end of the week.  So a date
19 would need to be 45 days out or a little bit more from today.

20          THE COURT:  The other day when we had a discussion you
21 told me how backed up the probation office was.  So, then, what
22 is best for your office's scheduling?

23          PROBATION OFFICER:  We actually already have the
24 judgment composed.  I do need to make some changes based on
25 today's conference.  I could have it submitted to the court by

```
 1   the end of the week.  So we would only need a self-surrender
 2   date 45 days out or 50 days out from today in order to give the
 3   Bureau of Prisons time to designate Mr. McCrory to a facility.
 4             THE COURT:  Okay.  Let me turn to the prosecution.
 5             MR. LaMARCA:  Yes, Your Honor.
 6             THE COURT:  Any special consideration relative to the
 7   report date that you'd like to tell me about?
 8             MR. LaMARCA:  No, Your Honor.  We're amenable to
 9   probation's suggestion and the court's reference to any
10   particular date that meets with probation's guidelines that
11   they've set forward to the court.
12             THE COURT:  Mr. Tanner, are there any special
13   considerations?
14             MR. TANNER:  No, your Honor.  I would just -- I would
15   just ask for 60 days.  Could we just go out 60 days and make it
16   end of November, first of December like a hard date?
17             I don't know, November -- the last day of November,
18   first day of December kind of deal, because I know in the
19   past -- you just said 45 days.  I know in the past you had
20   mentioned -- excuse me -- Officer Harrell mentioned six weeks
21   or whatever.  I think that's about the same.  So I'm just
22   asking if we could just round it off and say -- let me look at
23   my calendar, Your Honor.
24             PROBATION OFFICER:  December 1st is a Friday.
25             MR. TANNER:  Yeah, maybe November 30th.  Is there --
```

1  if I may, Your Honor.  Officer Harrell, is there some sort of
2  deal with DOC -- or with Bureau of Prisons in terms of when
3  they prefer people to come?  Is it like a day of the week or
4  weekend, early in the week, or is there anything like that that
5  we need to consider on that point?
6          PROBATION OFFICER:  I believe the only day that they
7  don't like people to report is on Mondays.
8          MR. TANNER:  Okay.  Well, in that case, Your Honor,
9  could we just have him report on either November 30th or
10 December 1st?  That would be November 30th being a Thursday,
11 December 1st being a Friday.
12         THE COURT:  Let's put it on the Thursday, then.
13         MR. TANNER:  Yes, Your Honor.
14         THE COURT:  All right.  Then so that's November 30th.
15         MR. TANNER:  Yes, Your Honor.
16         THE COURT:  9:00 a.m.
17         MR. TANNER:  Yes, Your Honor.
18         THE COURT:  And he's going to self-report.  So then
19 he'll be in charge of transporting himself to the designated
20 facility.  And, Mr. Tanner, you will work with the marshal
21 service.
22         MR. TANNER:  Yes, Your Honor.
23         THE COURT:  And I suppose that if any questions come
24 up concerning this matter with your client, since he is not on
25 the line, then you will advise me of that immediately.

```
 1            MR. TANNER:  Yes, Your Honor, of course.
 2            THE COURT:  All right.  Then that's the date, that's
 3  the time, and the fact that he is going to self-report to the
 4  designated facility.
 5            MR. TANNER:  Yes, Your Honor.
 6            THE COURT:  Mr. LaMarca, is there anything else I need
 7  to take up?
 8            MR. LaMARCA:  No, Your Honor, I do not believe so.
 9  Thank you.
10            THE COURT:  Anything else, Mr. Tanner?
11            MR. TANNER:  No, Your Honor.
12            THE COURT:  Ms. Harrell?
13            PROBATION OFFICER:  No, Your Honor.
14            THE COURT:  All right.  Thank you all much.
15            MR. LaMARCA:  Thank you.
16            MR. TANNER:  Thank you.
17            PROBATION OFFICER:  Thank you.
18            THE COURT:  Have a good day.
19         (CONFERENCE CONCLUDED)
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

I, MARY VIRGINIA "Gina" MORRIS, Official Court Reporter, United States District Court, Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true and correct transcript of the proceedings had in the aforenamed case at the time and place indicated, which proceedings were recorded by me to the best of my skill and ability.

I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

This the 28th day of September, 2017.


s/ Gina Morris
U.S. DISTRICT COURT REPORTER